UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,

        -against-

JESUS LOPEZ,

                 Defendant.
------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/11/2020
```

18-CR-282 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on June 8, 2020, Mr. Jesus Lopez moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), citing his diabetes and the conditions at FCI Terminal Island, which is the site of one of the worst outbreaks in the federal prison system, Def. Mot. (Dkt. 254) ¶¶ 6–7;

    WHEREAS the Court ordered the Government to obtain and file Mr. Lopez's medical records from the Bureau of Prisons under seal and to respond to the motion, Dkt. 255;

    WHEREAS medical records show that Mr. Lopez denied having diabetes in response to multiple health screens performed in 2018 and 2019, and there is no record of Mr. Lopez suffering from or receiving treatment for the condition;

    WHEREAS in his Reply, Mr. Lopez acknowledged that he "has no identified COVID-19 risk factor," instead relying on the conditions at FCI Terminal Island generally, as well as the recent increase in cases in California, see Def. Reply (Dkt. 259) ¶¶ 7, 12;

    WHEREAS Mr. Lopez, in order to prevail on his motion for compassionate release, must show that (i) exceptional circumstances justify such release, (ii) the sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (iii) that his release

would not pose a danger to the community, *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020);

WHEREAS district courts around the country have rendered over 50 written opinions since the COVID-19 outbreak discussing the outbreak at FCI Terminal Island, which, after initiating mass testing, found that nearly 70% of its inmates were infected with COVID-19, *see, e.g.*, *United States v. Yellin*, No. 15-CR-3181, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020) (noting that 681 out of 977 inmates had tested positive for COVID-19 at Terminal Island);

WHEREAS according to the latest statistics, there are now six active cases among an inmate population of approximately 1,000,[1] *see also United States v. Haywood*, No. 16-CR-296, 2020 WL 3621309, at *2 (D. Nev. July 2, 2020) ("Terminal Island was one of the first federal prisons to suffer an outbreak. But there are currently only six active cases of infected inmates at Terminal Island.");

WHEREAS Mr. Lopez's medical records show that he was tested for COVID-19 on April 23, 2020, and received a positive diagnosis;

WHEREAS Mr. Lopez does not contend, and nor do his records show, that he experienced any complications from or severe symptoms of COVID-19;

WHEREAS Mr. Lopez is 24-years old, has no COVID-19 risk factors, and appears to have recovered from COVID-19; and

WHEREAS Mr. Lopez has served approximately one-fourth of his 60-month sentence;

IT IS HEREBY ORDERED THAT Mr. Lopez's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(a) is denied. Notwithstanding the massive outbreak at FCI Terminal Island, district courts have generally not found exceptional circumstances justifying

---

[1] *COVID-19*, Federal Bureau of Prisons (updated July 10, 2020), https://www.bop.gov/coronavirus/index.jsp.

compassionate release when the movants are young and do not suffer from any serious medical conditions.² *Compare United States v. Castro*, No. 05-CR-206, 2020 WL 3490016, at *1–2 (D. Haw. June 26, 2020) (denying relief to 40-year old with no underlying medical conditions) and *United States v. Drummondo-Farias*, No. 12-CR-174, 2020 WL 2616119, at *6 (D. Haw. May 19, 2020) (denying relief to 37-year old with no risk factors) *with United States v. Gutierrez*, No. 98-CR-2798, 2020 WL 3839831, at *1 & n.1 (D. Minn. July 8, 2020) (granting relief to 54-year old multiple chronic conditions); *United States v. Gaitan*, No. 18-CR-4662, 2020 WL 3469395, at *2 (S.D. Cal. June 25, 2020) (granting relief to defendant who experienced multiple cardiac arrests at Terminal Island); *United States v. Kelley*, No. 16-CR-38, 2020 WL 2850280, at *3 (N.D. Cal. June 2, 2020) (granting relief to 61-year old with terminal cancer). The fact that Mr. Lopez appears to have recovered from COVID-19 without complication also undermines his argument that he is a candidate for compassionate release. *United States v. Shrout*, No. 15-CR-438, 2020 WL 3483703, at *4 (D. Or. June 26, 2020) ("Shrout has already contracted COVID-19 and, crucially, the BOP has properly managed the disease."); *United States v. Dan*, No. 15-CR-703, 2020 WL 3453845, at *4–5 (D. Haw. June 24, 2020) (denying relief to 34-year old at Terminal Island who recovered from COVID-19 and did not have serious conditions). In short, Mr. Lopez cannot show that a history of a high incidence of COVID-19 cases in his detention facility constitutes an exceptional circumstance requiring his release when all available evidence suggests that he is among those least at risk and, indeed, appears to have contracted and recovered from the virus.

Even if Mr. Lopez could demonstrate exceptional circumstances, a sentencing reduction would be inconsistent with the relevant § 3553(a) factors. Mr. Lopez has served only a quarter

---

² Even if the scale of the outbreak, standing alone, could have supported a finding of exceptional circumstances in May or June, that exigency appears to have passed.

of his sentence, which was imposed in large part because the Court found that Mr. Lopez failed to demonstrate contrition for his conduct and exhibited a limited respect for the law. *See* Hearing Tr. (Dkt. 207) at 18–21. The purpose of the sentence was, therefore, to deter Mr. Lopez from reoffending, and a reduction of more than half of his sentence would be inconsistent with that goal.³ *See id.*

For those reasons, Mr. Lopez's motion for a sentence reduction is DENIED. The Clerk of Court is respectfully directed to terminate docket entry 254. A copy of this Order has been mailed to Mr. Lopez by chambers staff.

**SO ORDERED.**

**Date:  July 11, 2020**  
       **New York, NY**  

                                        **VALERIE CAPRONI**  
                                        **United States District Judge**

---

[3]  Mr. Lopez argues that he should be released to serve the undischarged portion of his sentence on home detention. Def. Mot. at 1. Putting aside the fact that the Government does not have the resources to supervise 35 months of home detention for Mr. Lopez, the Court reminds him that he was unsuccessful in staying out of trouble when he was on home detention pretrial. Indeed, he attributed his drug use while on pretrial supervision to being bored because he was on home detention. Hearing Tr. at 14. The Court has no reason to believe that Mr. Lopez would be any better able to comply with the terms of home detention now than he was 2 years ago.